OPINION OF THE COURT
SCIRICA, Circuit Judge.
Appellants M. Simon Zook Co., doing business as Zook Molasses Co., and Good Food Inc., doing business as L & S Sweeteners (together, “Zook”), and Appellee W.S. International, LLC (‘W.S.I.”) entered into a business relationship wherein *194 Zook produced-W.SJ.’s fondant[1] line using equipment supplied by W.S.I. After their relationship soured, W.S.I. filed suit in the United States District Court for the Eastern District of Pennsylvania, claiming conversion of the equipment and seeking in-junctive relief. The District Court entered a temporary restraining order, which allowed W.S.I. to retrieve its equipment. At a later stage of the case and upon W.S.I.’s motion, the District Court transferred the action to the United States District Court for the Northern District of Illinois. Zook now challenges both the entry of injunctive relief and the transfer of venue. We will affirm in part and dismiss in part for lack of jurisdiction.
I.
W.S.I. distributes fondant and other food products in the bakery industry. In 2009, W.S.I. entered into an arrangement with Zook, a food products manufacturer, whereby W.S.I. agreed to purchase its sugar from Zook, and Zook agreed to produce W.S.I.’s fondant line at its facility in Leola, Pennsylvania. In June 2009, W.S.I. purchased a fondant wheel for Zook’s fondant production and had the wheel installed at Zook’s facility. For various reasons, including repairs to the fondant wheel and Zook’s production of allegedly substandard fondant, Zook failed to produce sufficient fondant to meet W.S.I.’s needs.
As a result, W.S.I. entered into an alternative arrangement for fondant production with the food manufacturer Royal Sugar Company, located in Swedesboro, New Jersey. In April 2011, W.S.I. sought permission to enter Zook’s facility and retrieve its fondant wheel, which it intended to transfer to Royal Sugar Company’s facility. Zook refused to permit access to the fondant wheel until W.S.I. paid $650,000 in outstanding invoices. Zook also claimed liens on the wheel. Zook later acknowledged to the District Court that during this period the wheel served no use to Zook and sat dormant in its facility.
On May 6, 2011, W.S.I. filed suit against Zook in the Eastern District of Pennsylvania, claiming conversion of the fondant wheel and seeking injunctive and declaratory relief. On the same day the complaint was filed, W.S.I. moved for a temporary restraining order. The District Court held a hearing on the motion for temporary restraining order on May 9, 2011, and Zook filed a response in opposition the next day. On May 12, 2011, the District Court granted injunctive relief, which reads as follows:
(2) The defendants are enjoined and restrained, directly or indirectly, and whether alone or in concert with others, until further Order of this court from preventing the plaintiff from accessing, removing, and taking possession of its property located at the defendants’ Leola facility.
(3) This Order shall remain in full force and effect until such time as this court specifically orders otherwise.
J.A. 114. There was no further extension of the order. Zook filed a notice of appeal on June 9, 2011.
After W.S.I. retrieved its fondant wheel, the case proceeded in District Court, with W.S.I. amending its complaint to raise breach of contract claims relating to an alleged confidentiality agreement between the parties. Zook filed an answer to W.S.I.’s amended complaint, specifically denying the parties had a confidentiality agreement. Then on April 2, 2012, W.S.I. sought leave to file a second amended com *195 plaint and attached what it contended was the parties’ confidentiality agreement signed by Zook. On the same day, W.S.I. filed a motion to transfer the case to the Northern District of Illinois, based on the confidentiality agreement’s forum selection clause directing any claims be filed in Illinois. Zook objected to the motion to transfer, continuing to contend that no confidentiality agreement had ever been formed, but did not object to W.SJ.’s filing a second amended complaint. On January 29, 2013, the District Court permitted the second amended complaint to be filed and granted W.S.I.’s motion to transfer venue based on the forum selection clause. Zook filed a notice of appeal on February 22, 2013.[2]
II.
Before we review the merits, we must determine whether we have jurisdiction.[3] We hold we have jurisdiction to review the grant of injunctive relief as an interlocutory order, but we do not have jurisdiction to review the transfer order.
In general, a temporary restraining order is not immediately appealable, while an order granting a preliminary injunction may be appealed as an interlocutory order under 28 U.S.C. § 1292(a)(1). In re Arthur Treacher’s Franchisee Litig., 689 F.2d 1150, 1153 (3d Cir.1982). Yet when an order labeled a temporary restraining order operates as a preliminary injunction, we have exercised appellate jurisdiction. See, e.g., Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir.2010) (reviewing a temporary restraining order as a preliminary injunction because it was of indefinite duration and entered after notice to the defendant and an adversarial hearing); Arthur Treacher’s, 689 F.2d at 1155 n. 7 (noting we “look beyond terminology to the actual content, purport, and effect” of an order to determine whether it is appealable). In this case, the District Court entered the injunctive relief for an indefinite period of time and after an adversarial hearing. Accordingly, because the order is in effect a preliminary injunction and appealable under 28 U.S.C. § 1292(a)(1), we have jurisdiction to review it.
But we do not have jurisdiction to review the order transferring venue. “[0]ur general rule ... that orders transferring venue are not immediately appeal-able” is well established. See Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 228 (3d Cir.1990) (citing Nascone v. Spudnuts, Inc., 735 F.2d 763, 764 (3d Cir.1984), and McCreary Tire & Rubber Co. v. CEAT S.p.A., 501 F.2d 1032, 1034 (3d Cir.1974)). While limited review of a transfer order is available by way of mandamus review, see Sunbelt Corp. v. Noble, Denton & Assocs., 5 F.3d 28, 30 (3d Cir.1993), Zook filed a notice of appeal — not a petition for writ of mandamus. We may construe a notice of appeal as a petition for writ of mandamus, but that decision is discretionary. Spud-nuts, 735 F.2d at 773. Under the circumstances of this case, we find no compelling reason to stray from our general rule.
Nor do we believe that jurisdiction lies because the parties agree Zook’s notice of appeal should be treated as a petition for writ of mandamus and their cooperation should be rewarded. We should not find jurisdiction simply because the parties agree we should. Because an appeal does not lie from an order transferring venue, a *196 petition for mandamus is the only means by which a party can obtain interlocutory review in the transferor circuit. Mandamus is “extraordinary relief that is rarely invoked.” In re Federal-Mogul Global Inc., BOO F.3d 368, 378 (3d Cir.2002) (quoting In re United States, 273 F.3d 380, 385 (3d Cir.2001)); see also id. at 384 (reviewing a denial of a motion to transfer and finding the “rigorous standard” for the writ’s issuance not met); In re United States, 273 F.3d at 389-90 (ordering a district court to reconsider a transfer motion where it was not clear from the record the court followed proper procedure before transferring the case). We find this case does not warrant consideration of the writ. Accordingly, we lack jurisdiction to review the order transferring venue to the Northern District of Illinois.
III.
Zook challenges the entry of injunctive relief on three grounds: (1) W.S.I. was unlikely to succeed on its conversion claim because Zook held a common law repairman’s lien on the fondant wheel, (2) W.S.I. failed to show irreparable harm, and (3) the District Court erred by failing to require a bond under Fed.R.Civ.P. 65(c). We employ a “tripartite standard of review” for preliminary injunctions. K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist., 710 F.3d 99, 105 (3d Cir.2013). The District Court’s findings of fact are reviewed for clear error, its legal conclusions are assessed de novo, and its ultimate decision to grant or deny an injunction is reviewed for abuse of discretion. Id. (quoting Sypniewski v. Warren Hills Reg’l Bd. of Educ., 307 F.3d 243, 252 (3d Cir.2002)). Under this standard of review, we will uphold the entry of injunctive relief.
The District Court determined W.SJ.’s conversion claim was likely to succeed on the merits. Applying the elements of conversion, the court found W.S.I. had a property right in the fondant wheel, Zook was interfering with that right, and Zook had no legal justification for interfering. The court made extensive' findings regarding the last element, determining Zook lacked the necessary factual predicate to assert a repairman’s lien on the fondant wheel. Specifically, the court found that Zook had no ownership right or interest in the wheel upon its delivery, and put the wheel to no use after fondant production for W.S.I. came to a halt. Though repairs were made to the fondant wheel, the District Court found the business relationship between Zook and W.S.I. was not that of a repairman and customer. As a result, the court held no lien attached and W.S.I. was likely to prevail on its conversion claim.
These factual findings were not clearly erroneous and the legal conclusion drawn from them is correct. As articulated by the Supreme Court of Pennsylvania, a repairman’s hen attaches where “a workman or artisan by his labor or skill increases the value of personal property placed in his possession to be improved,” Assocs. Fin. Servs. Co. v. O’Dell, 491 Pa. 1, 417 A.2d 604, 606 (1980) (emphasis added) (quoting Meyers v. Bratespiece, 174 Pa. 119, 34 A. 551, 551 (1896)); see also Restatement (First) of Sec.: Persons Entitled to Specific Possessory Liens § 61 (1941, updated 2013) (providing illustrations of a repairman’s lien, all of which involve a bailor delivering chattel to a bailee for the purpose of making repairs). A repairman’s lien is “fundamentally consensual” in nature, because it arises from an express or implied agreement between the owner of the chattel and the person making repairs. O’Dell, 417 A.2d at 606.
On the facts found by the District Court, we agree a repairman’s lien likely did not attach. The court found the fondant wheel was placed in Zook’s possession not “to be *197 improved,” id., but to produce fondant. Moreover, the record before the District Court contained no evidence suggesting W.S.I. and Zook had agreed, or even implied, that the cost of repairs would be allocated to W.S.I.[4] On this record, we cannot discern an agreement, “fundamentally consensual” in nature, by which W.S.I. was obliged to pay for Zook’s repairs. Id. Accordingly, the District Court properly determined W.S.I.’s conversion claim would likely succeed on the merits.
Zook’s challenge to the finding of irreparable harm also fails. The District Court found W.S.I. had no other facility where it could manufacture fondant and could not afford to purchase another fondant wheel. Because W.S.I. would be unable to produce fondant without injunctive relief, W.S.I.’s fondant business was likely in serious jeopardy. We have recognized this sort of harm as irreparable. See Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 802 (3d Cir.1989) (noting potential irreparable injury where a party may be forced to shut down without the requested injunctive relief); Frank’s GMC Truck Ctr. v. Gen. Motors Corp., 847 F.2d 100, 102 n. 4 (3d Cir.1988) (finding no irreparable harm to a company where the company’s loss of a market segment “does not place its continued business survival in serious jeopardy”). Accordingly, the District Court correctly found Zook stood to suffer irreparable harm without the requested injunctive relief.
Finally, the District Court’s decision not to issue a bond was justified. Fed. R.Civ.P. 65(c) permits a court to issue a preliminary injunction only if it requires the movant to post security “in an amount ... proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined.” But a narrow exception to this bond requirement exists when compliance with the injunction “raises no risk of monetary loss to the defendant.” Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 426 (3d Cir.2010) (quoting Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 210 (3d Cir.1990)). The court found Zook would not suffer harm if W.S.I. retrieved its fondant wheel, because Zook likely had no right to retain the wheel, which was sitting dormant in Zook’s facility. This conclusion is set forth in a section of the District Court’s opinion unrelated to Rule 65, and we usually require a court to make “specific findings” concerning the bond requirement. Id. (quoting Elliott v. Kiesewetter, 98 F.3d 47, 60 (3d Cir.1996)). Nonetheless, we agree with the District Court that no bond was required in this circumstance.
IV.
For the foregoing reasons, we will affirm in part and dismiss in part for lack of jurisdiction.

. Fondant is a "creamy plastic mass of cooked or uncooked sugar used as a basis for candies or icings.” Webster's Third New International Dictionary 883 (1964).

. The appeal of the temporary restraining order was docketed as case number 11-2574. The appeal of the transfer order was docketed as case number 13-1518. In an Order of this Court dated April 26, 2013, we consolidated the two appeals.

. The District Court had diversity jurisdiction under 28 U.S.C. § 1332.

. For example, Zook can point to no requests from W.S.I. for repairs or invoices for repair costs.